**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE CRAYTON | ) |
| | ) |
| Plaintiff, | ) No. 19-cv- |
| | ) |
| v. | ) **District Judge** |
| | ) |
| FREDERIC W. COOK & CO., A NEW | ) Magistrate Judge |
| YORK CORPORATION AND CIMI | ) |
| SILVERBERG, INDIVIDUALLY | ) |
| | ) ***JURY DEMAND*** |
| Defendant | ) |

**COMPLAINT**

NOW COMES Plaintiff, **MICHELLE CRAYTON,** by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendants, **FREDERIC W. COOK & CO., AND CIMI SILVERBERG, INDIVIDUALLY,** states as follows:

**I. NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA) the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* (IMWL) and the Chicago Minimum Wage Ordinance (CMWO), § 1-24-10 of the Municipal Code of Chicago.

**II. JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

### III. **THE PARTIES**

3.      Defendant, **FREDERIC W. COOK & CO.,**  (hereinafter **F.W. COOK**) is a company that provides executive compensation consulting services to clients, which maintains its primary place of business at 190 S. LaSalle Street, Suite 2120 in downtown Chicago. Defendant **F.W. COOK,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.      Defendant **CIMI SILVERBERG** is the Managing Director of  **F.W. COOK'S** Chicago, Illinois location. In her capacity as Managing Director, **SILVERBERG** was vested with the authority to implement and carry out general policies and procedures relative to the operation of the business, including all applicable wage and hour practices of **F.W. COOK**. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **SILVERBERG** and **SILVERBERG** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto, **SILVERBERG** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5.      Plaintiff, **MICHELLE CRAYTON,** is a former employee of Defendants who was employed as an office assistant and performed duties related to scheduling, arranging business travel, billing, record management, etc. Plaintiff was compensated on a non-exempt salary basis that entitled her to overtime pay and worked over 40 hours per week without receiving

overtime premiums, including work that was not recorded or accounted for by Defendants' time keeping system (hereinafter referenced as "work off the clock").

## IV.    STATUTORY VIOLATIONS

### Fair Labor Standards Act

6.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

7.    Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

### Chicago Minimum Wage Ordinance

8.    Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9.    Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10.    Plaintiff was employed by Defendants from November 2018 through March 2019.

11. Plaintiff was employed as an office assistant and performed duties related to performed duties related to scheduling, arranging business travel, billing, and record management, as well as other traditional, non-exempt administrative tasks.

12. During Plaintiff's employment, Defendant paid Plaintiff on a salary basis, despite Defendants' classification of Plaintiff as a non-exempt employee. Plaintiff's annual salary was $85,000. Plaintiff was paid semi-monthly on the 15th and 30th or 31st of each month.

13. Plaintiff performed significant amounts of work before and after her shift that was not captured by Defendants' time-keeping system.

14. Plaintiff was assigned a regular schedule of 8:30 a.m. to 5:00 p.m. Monday through Friday. However, during almost each week of Plaintiff's employment with Defendants, Plaintiff worked substantial hours "off the clock" in addition to her regular schedule that was not included in the compensation paid to Plaintiff.

15. Plaintiff performed most, if not all, of her work off the clock at Defendants' LaSalle Street office. While Plaintiff performed work off the clock at Defendants' office, Plaintiff did so in the presence of Defendants' other employees, including their management personnel. Occasionally, Plaintiff performed some of this work off the clock on Saturdays at Defendants' office.

16. During her employment with Defendants, Plaintiff frequently worked between 50 and 80 hours per work week without pay for that time, almost all of which occurred at Defendants' downtown Chicago office.

17. During these hours worked "off the clock", Plaintiff performed her regular duties as assigned to her by Defendants, other management personnel and other employees.

18.     Plaintiff raised the wage and hour violations, as described above, to the attention of Defendants, including Defendant Silverberg, on multiple occasions but Defendants failed to address or remedy their non-compliant pay practices, including paying to Plaintiff overtime premiums for hours worked in excess of 40 in a work week, some of which occurred "off the clock".

19.     This work performed by Plaintiff was work off the clock to the benefit of the employer without pay in violation of the requirements of the federal and state statutes herein relied upon.

20.     Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal, state and municipal statutes relied upon herein.

21.     In most instances, the unpaid time described above should have been compensated at time and one-half of Plaintiff's regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff would have been over 40 hours in particular workweeks.

22.     Additionally, Defendants, at times during Plaintiff's employment, failed to pay Plaintiff an overtime premium for clocked hours in excess of 40 hours per week that were recorded by Defendants' time-keeping system in violation of the federal, state and municipal statutes relied upon herein.

23.     The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lacks the records required by 29 CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-23.     Paragraphs 1 through 23 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 23 of this Count I.

24.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* Plaintiff, is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

25.     Defendant has at all times relevant hereto failed and refused to pay compensation to Plaintiff herein, as described above.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-25    Paragraphs 1 through 25 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of Count II.

26.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

27.     Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-27.   Paragraphs 1 through 27 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of Count III.

28.     In denying the Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

29.     Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-29.   Paragraphs 1 through 29 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count IV.

30.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

31.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

32.     Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-32.   Paragraphs 1 through 32 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of this Count V.

33.     Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

34.     Defendants were each an "employer" as defined in the CMWO § 1-24-10.

35.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

36.     Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c).    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 09/27/2019*

*s/John W. Billhorn*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.